IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERALD REVIELLO and GERALD RIVIELLO,
    Plaintiffs

v.

THOMAS GEORGE ASSOCIATES,
    Defendant

3:12-CV-01992

(JUDGE NEALON)

FILED
SCRANTON
DEC 0 5 2012
PER _M.G.P_
DEPUTY CLERK

## MEMORANDUM

This matter was removed to this Court on October 3, 2012, by Defendant, Thomas George Associates, pursuant to 28 U.S.C. §1446 and 28 U.S.C. §1331 based on federal question jurisdiction. (Doc. 1). Plaintiffs, Gerald Reviello and Gerald Riviello, father and son, filed a complaint on September 17, 2012 in the Court of Common Pleas of Lackawanna County, Pennsylvania alleging violations of the federal Fair Debt Collection Practices Act (hereinafter "FDCPA") and asserting two counts of Intentional Infliction of Emotional Distress on behalf of the Plaintiffs. (Doc. 1-2, pp. 5-8). On October 10, 2012, Plaintiff father[1], Gerald Reviello, (hereinafter "Plaintiff") filed an amended complaint alleging violations of the FDCPA and asserting one count of Intentional Infliction of Emotional Distress. (Doc. 2). On the same day, Defendant filed a motion to dismiss, exhibits, and brief in support thereof. (Doc. 3). Plaintiff filed a brief in opposition on November 5, 2012 and Defendant filed a reply brief on November 9, 2012. (Docs. 7 & 8). Defendant's motion to dismiss is now ripe, and will be granted in so far

---

[1] It is hard to discern from the Amended Complaint whether the remaining Plaintiff is the son or father, partly due to the differing spellings used of Plaintiffs' last names, however, based on the father's emotional distressed alleged in paragraph eight (8), it is determined that the remaining Plaintiff is the father. See (Doc. 2).

1

as Plaintiff asserts a cause of action under the FDCPA. Because this Court no longer has original jurisdiction under 28 U.S.C. §1331, the matter will be remanded to the Court of Common Pleas of Lackawanna County, Pennsylvania.

I. **Alleged Facts**

In his amended complaint, Plaintiff alleges, inter alia, that Defendant, acting as a debt collector, attempted to contact Plaintiff by telephone and voicemail messages beginning on April 19, 2011 and "over the next several days." (Doc. 2, ¶¶ 3-5). Plaintiff further alleges that Defendant violated the FDCPA and inflicted emotional distress upon Plaintiff. (Doc. 2, ¶¶ 7-11).

The debt in question stems from property damage allegedly caused by Plaintiff on March 24, 2010 when his vehicle allegedly struck the vehicle of Krystal Lynch, who was insured by Geico General Insurance Company (hereinafter "Geico"). (Doc. 3-5, pp. 4-7). Defendant was retained by Geico, as the subrogee of Krystal Lynch, to seek monetary damages as a result of the accident. (Doc. 3-5, pp. 3-7); see also (Doc. 7, pp. 6-7) (acknowledging that Defendant was acting as the agent of Geico to collect a debt). Defendant is a debt collection firm in East Northport, New York which uses "the art of persuasion in addition to negotiating skills like no other professional organization, to help [its] clients reach their recovery goals." See Thomas George Associates, http://wwwtgaltd.com (last accessed December 4, 2012). When the Defendant's actions failed to produce a result, Geico retained Paul F. D'Emilio, Esquire, a licensed Pennsylvania attorney, who filed a cause of action in the Court of Common Pleas of Lackawanna County, Pennsylvania against Plaintiff on February 24, 2012. (Doc. 3-5); see also Geico v. Reviello, Civil No. 12-01259 (C.C.P. Lackwanna February 24, 2012) at Docket Entry 1. On May 8, 2012, Plaintiff filed an answer denying negligence in the motor vehicle accident and

2

alleging that Krystal Lynch, Geico's insured, caused the accident. <u>Geico v. Reviello</u>, Civil No. 12-01259 (C.C.P. Lackwanna May 8, 2012) at Docket Entry 3, ¶¶ 3 & 5.

On March 23, 2012, Plaintiff filed a class action complaint against Defendant and others for violations of the FDCPA in their attempts to collect the alleged debt. <u>Reviello v. Thomas George Associates, et al.</u>, Civil No. 12-00526 (M.D. Pa. March 23, 2012) at Docket Entry 1. That matter was dismissed without prejudice for Plaintiff's failure to serve the Defendants on July 23, 2012. <u>Id.</u> at Docket Entry 9.

On September 17, 2012, Plaintiffs instigated this cause of action by filing a complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania which was subsequently removed to this Court by Defendant. (Doc. 1).

## II. <u>Standard of Review</u>

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); <u>Nami v. Fauver</u>, 82 F.3d 63, 66 (3d Cir. 1996). First, the court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. <u>Innis v. Wilson</u>, 2009 U.S. App. LEXIS 12424, *4-5 (3d Cir. 2009) (citing <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must then determine whether the complaint

states a plausible claim for relief, which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557-58, 127 S. Ct. 1955, 167 L. Ed. 929 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" Id.; FED.R.CIV.P. 8(a)(2).

### III. Discussion

Defendant's first argument is that the one-year statute of limitations of the FDCPA bars this action, which was filed on September 17, 2012, almost eighteen (18) months after the violations took place as alleged in the amended complaint to have occurred on April 19, 2011 and "repeated numerous times over the next several days." (Doc. 3-2, pp. 6-7) and (Doc. 2, ¶¶ 4-5). In response, Plaintiff contends that the statute of limitations for the FDCPA is irrelevant as this is a Pennsylvania tort action filed in state court. (Doc. 7, p. 4).

Under the FDCPA, an action to enforce liability for violations of the act must be brought "within one year from the date on which the violations occurred." 15 U.S.C. §1692k(d). A liberal view of April 19, 2011 and over the next several days, in the light most favorable to the Plaintiff, would include all of April. So assuming the last alleged violation of the act occurred on April 30, 2011, Plaintiff would have had until April 30, 2012 to file an action under the FDCPA. Since this action was not commenced until September 17, 2012, and since Plaintiff relinquishes any claim he had under the FDCPA in his reply brief by arguing that the complaint is a state tort claim, Defendant's motion to dismiss Plaintiff's FDCPA claim based on the statute of limitation will be granted with prejudice.

4

Defendant argues that Plaintiff's state law claims for intentional infliction of emotional distress should also be dismissed. However, the analysis of state law claims is better left to the Court of Common Pleas of Lackawanna County, Pennsylvania. Because any FDCPA claim contained in this action has been dismissed with prejudice, this Court no longer has original jurisdiction, and, pursuant to 28 U.S.C. §1447, the matter will be remanded to state court. 28 U.S.C. §1447(c).

IV. Conclusion

Because any claims alleged by Plaintiff under the FDCPA will be dismissed with prejudice, the matter will be remanded to the Court of Common Pleas of Lackawanna County, Pennsylvania to address the remaining state court claims.

_____
United States District Judge

Date: December 5, 2012